OPINION
Defendant-appellant, Darrell E. Dawson, appeals from his conviction in the Madison County Municipal Court for speeding in violation of R.C. 4511.21(D)(2).[1] We affirm.
On January 2, 1998, Trooper Hugh Fredendall of the Ohio State Highway Patrol issued a citation to appellant for speeding in violation of R.C. 4511.21(D)(2). On February 17, 1998, a bench trial was held in the Madison County Municipal Court.
At trial, Trooper Fredendall was the only witness to testify. Trooper Fredendall testified that on January 2, 1998, he observed appellant driving a vehicle on Interstate 70 that appeared to be speeding. Trooper Fredendall testified that he recorded the speed of appellant's vehicle with a LTI 20-20 laser devise at eighty m.p.h. in a sixty-five m.p.h. zone. Defense counsel objected to this testimony, arguing that the state failed to show that the LTI 20-20 laser device was accurate and dependable. The trial judge overruled the objection and took judicial notice, as he had done in a prior proceeding, that the LTI 20-20 laser device was accurate and dependable.
Trooper Fredendall then testified that he calibrated the LTI 20-20 laser device prior to the start of his shift on January 2, 1998 and that it was in proper working order. Trooper Fredendall testified that he was certified in the use of the LTI 20-20 laser device and testified how he used the laser device to record the speed of appellant's vehicle. Trooper Fredendall further testified that after recording the speed of appellant's vehicle with the laser device, he followed appellant for a half mile and estimated by "pacing" appellant's vehicle that appellant was travelling at eighty m.p.h. Trooper Fredendall testified that he then stopped appellant and issued the citation.
Based upon Trooper Fredendall's testimony, the trial judge found appellant guilty of violating R.C. 4511.21(D)(2). Appellant was fined $25 and ordered to pay court costs.
On appeal, appellant assigns three assignments of error:
Assignment of Error No. 1:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT BY TAKING JUDICIAL NOTICE AS TO THE ACCURACY AND DEPENDABILITY OF THE LTI 20-20 LASER DEVICE. AS A RESULT OF THIS ERROR, THE STATE WAS NOT REQUIRED, PURSUANT TO EVID.R. 702, TO LAY A PROPER FOUNDATION WITH EXPERT TESTIMONY RELATIVE TO THE CONSTRUCTION OF THE DEVICE, ITS METHOD OF OPERATION, AND ITS SCIENTIFIC RELIABILITY. ACCORDINGLY, THE SPEED OF THE DEFENDANT'S VEHICLE, AN ELEMENT OF THE OFFENSE CONTAINED IN R.C. 4511.21(D)(2), WAS NOT ESTABLISHED AND THEREFORE, SAID OFFENSE WAS NOT PROVEN BEYOND A REASONABLE DOUBT AS REQUIRED BY R.C. 2901.05(A).
Assignment of Error No. 2:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT BY TAKING JUDICIAL NOTICE AS TO THE ACCURACY AND DEPENDABILITY OF THE LTI 20-20 LASER DEVICE. THE TRIAL COURT'S DECISION TO TAKE JUDICIAL NOTICE OF SAID FACTS DEPRIVED THE DEFENDANT OF HIS RIGHT TO CONFRONTATION AND TO DUE PROCESS GUARANTEED TO HIM BY THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND SECTION 10 AND 16, ARTICLE I OF THE CONSTITUTION OF THE STATE OF OHIO.
Assignment of Error No. 3:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT BY TAKING JUDICIAL NOTICE AS TO THE ACCURACY AND DEPENDABILITY OF THE LTI 20-20 LASER DEVICE. THE TRIAL COURT'S DECISION TO TAKE JUDICIAL NOTICE OF SAID FACTS DEPRIVED THE DEFENDANT OF HIS DUE PROCESS RIGHT TO A FAIR TRIAL GUARANTEED TO HIM BY THE FIFTH AND FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND SECTION 16, ARTICLE I OF THE CONSTITUTION OF THE STATE OF OHIO.
In all three assignments of error, appellant asserts that the trial judge erred by taking judicial notice as to the accuracy and dependability of the LTI 20-20 laser device. Therefore, we will consider these assignments together.
The Supreme Court of Ohio has recognized that a trial judge may take judicial notice of the scientific principles underlying a radar device. East Cleveland v. Ferell (1958), 168 Ohio St. 298. The supreme court stated:
 We are in accord with the trend of the most recent decisions that readings of a radar speed meter may be accepted in evidence, just as we accept photographs, X rays, electroencephalographs, speedometer readings, and the like, without the necessity of offering expert testimony as to the scientific principles underlying them.
Id. at 303.
The radar device in East Cleveland was a stationary radar device operating on the "Doppler effect." Id. at 300. However, this court recently addressed whether a trial judge could take judicial notice of the accuracy and dependability of the LTI 20-20 laser device. See State v. Bell (Jan. 16, 1998), Madison App. No. CA96-07-027, unreported, discretionary appeal not allowed (1998),82 Ohio St.3d 1410. In Bell, we held that a trial judge who heard expert testimony in a prior case concerning the reliability of the LTI 20-20 laser device could take judicial notice, pursuant to Evid.R. 201(B)(2),[2] as to the reliability of the LTI 20-20 laser device in future cases. Id. at 10, citing State v. Schroeder (Sept. 8, 1995), Geauga App. No. 95-F-1907, unreported. See, also State v. Kirkland (Mar. 2, 1998), Logan App. No. 8-97-22, unreported. We further held "`[s]o long as the unit was operating properly, was used by qualified personnel and was used in accordance with the operating instructions, it was admissible in that court without further expert testimony if the trial court chose to take judicial notice of the prior decision.'" Id., quoting Schroeder at 7.
The present case comes to us from the same municipal judge as Bell. In fact, the trial judge stated:
 [A]s a result of State versus Bell, this Court as approved by the Twelfth District Court of Appeals, had taken judicial notice of the earlier established reliability by way of technical expert witnesses of the laser device. This Court is relying upon that ruling in overruling defense's objections to taking judicial notice.
Since the trial judge heard expert testimony in a prior case concerning the accuracy and dependability of the LTI 20-20 laser device, he could take judicial notice of this fact in the present case. Moreover, Trooper Frendendall's testimony reveals that the LTI 20-20 laser device was operating properly on January 2, 1998. Further, Trooper Frendendall was qualified to use the laser device and his testimony indicates that he used the device in accordance with the operating instructions. Accordingly, we find that the trial court did not err by taking judicial notice as to the accuracy and dependability of the LTI 20-20 laser device, and appellant's three assignments of error are overruled.
Judgment affirmed.
YOUNG, P.J., and KOEHLER, J., concur.
[1] R.C. 4511.21(D) provides:
 No person shall operate a motor vehicle, trackless trolley, or streetcar upon a street or highway as follows:
 (2) At a speed exceeding sixty-five miles per hour upon a freeway * * *.
[2] Evid.R. 201(B) provides:
 Kinds of facts. A judicially noticed fact must be one not subject to reasonable dispute in that it is either: * * * (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.